Anthony E. Sonnett (SBN 163182)
asonnett@asonnettlaw.com
Matt F. Cohen (SBN 261275)
mcohen@asonnettlaw.com
SONNETT & ASSOCIATES
333 S. Grand Avenue, Suite 3550
Los Angeles, CA 90071
Telephone: (213) 628-2200
Facsimile: (213) 628-2221

Attorneys for Defendant
PACCAR INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORIA -WESTERN DIVISION

| | |
|---|---|
| MICHAEL MERZOIAN<br><br>Plaintiff,<br><br>v.<br><br>CATERPILLAR, INC. AND PACCAR, INC.<br><br>Defendants. | CASE NO. CV09-05366 R (FFMx)<br><br>**ORDER GRANTING STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

WHEREAS, in recognition of the fact that plaintiff Michael Merzoian ("Plaintiff") now seeks and may in the future seek from PACCAR INC ("Defendant") documents and information which constitute, refer to, or otherwise incorporate trade secrets, and confidential and/or proprietary research, development, or commercial information (hereinafter referred to as the "Documents" and/or "Information"); and

WHEREAS, the Defendant recognizes that certain of such Documents and Information may be subject to discovery from time to time in the course of the litigation of the above-captioned matter (Merzoian v. Caterpillar, Inc. and

1
[PROPOSED] ORDER GRANTING DEFENDANT PACCAR INC.'S
STIPULATION AND CONFIDENTIALITY AGREEMENT

PACCAR, INC., United States District Court, Central District of California, Western Division; Case Number: CV09-05366 R (FFMx)) (hereinafter referred to as the "Action");

WHEREAS, Defendant is aware that although certain unauthorized websites have divulged confidential pricing information of various automobile manufacturers and that although it is possible that pricing information and customer and claims procedures concerning the PACCAR line of vehicles has been disseminated through these websites, at no time has Defendant authorized the release of their Confidential Documents and Information and they do not do so now.

WHEREAS, the pricing information and customer claims procedure of Defendant is unique, confidential, and proprietary in nature, and disclosure would adversely affect Defendant's competitive abilities and business;

NOW THEREFORE, the Plaintiff and Defendant, by and through their attorneys, stipulate and agree to the following:

1. Confidential Documents and Information (hereinafter referred to as "Confidential Documents" or "Confidential Documents and Information") include any documents or information that relate in any manner to pricing and sale information, including, but not limited to, vehicle pricing, warranty pricing, and the subject warranty, as well as any customer, dealer or claims handling reports, procedures, guidelines or manuals.

2. All Confidential Documents produced or disclosed by Defendant in this Action, whether by volition or pursuant to discovery demand or court order, shall be provided only to Plaintiff, his attorneys, his attorneys' staff and office personnel, and any experts or consultants retained by them or in their employ. Each of those persons is prohibited from disseminating in any fashion, manner or method the Confidential Documents and Information produced herein by the Defendant, including any summaries or abstracts thereof, outside the context of

this litigation in any manner. Each of those persons may use such Confidential Documents and Information within the context of this litigation, including at depositions and at trial per the terms of this Order.

3. No person who examines Documents or Information produced pursuant to this Stipulation and Order shall disseminate orally, in writing or by any other means, any Information derived from such Documents and Information whatsoever to any person not also authorized to examine Documents or items under the terms of this Stipulation.

4. Plaintiff shall maintain a list of all recipients of Documents or Information (including extracts, summaries or digests thereof) (hereinafter referred to as the "List"). If a controversy arises between the parties to this Stipulation in regards to the Stipulation and Order issued pursuant thereto, Plaintiff and Plaintiff's attorney shall file the List with the Court in which this Action is heard and shall cooperate and consent to any attempt to have said List sealed.

5. All Information discovered from examination of said Confidential Documents shall be used only in connection with this Action and shall not be used in connection with any other lawsuit, arbitration, claim, proceeding, or for any other purpose, whatsoever.

6. The production of Confidential Documents and Information shall not constitute a waiver of Defendant's rights to claim Confidentiality in this Action, or that said Documents or Information are privileged or are otherwise non-discoverable, nor shall receipt thereof constitute a waiver of Plaintiff's right to contend that they are not privileged or discoverable.

7. All Confidential Documents and Information (including extracts, summaries and digests thereof), copies of such materials, and all notes arising from the examination of such materials, shall be surrendered to Defendant for destruction at the conclusion of this Action, or shall be destroyed by Plaintiff's counsel. Plaintiff shall certify, within twenty (20) days of the conclusion of the

final proceedings of this Action, by declaration under penalty of perjury, that the requirements of this paragraph have been met.

8. Defendant shall have the option of requiring that any or all portions of deposition transcripts that relate to the Documents and Information protected by this Stipulation shall be subject to the terms of this Order. Defendant may seek an order regarding the use of such deposition transcripts as well as the use of any Confidential Documents or Information, including, but not limited to, seeking an order to limit their disclosure or seal the record, through a written motion to the Court. Plaintiff and his counsel agree to not oppose the hearing of such a motion on shortened time, or at the time of trial.

9. Each person examining the subject Confidential Documents and Information, including digests, summaries, extracts, and/or notes thereof, or to whom any of the contents thereof are disseminated, hereby agrees to be subject to the jurisdiction of this court for proceedings regarding contempt and any other proceedings in the event of any violation or alleged violation of this Stipulation and any Order issued pursuant thereto. No person shall be allowed to disclose, by any means whatsoever, any Confidential Documents or Information (including digests, summaries and extracts), any notes arising there from, or any description of any things produced, until the person to whom disclosure is to be made has:

(i) read this Stipulation and Order in its entirety;

(ii) signed a form of the Acknowledgment attached hereto as Exhibit "A" signifying agreement to its provisions and consent to the jurisdiction of the Court over his or her person, and has had his or her signature notarized.

10. Documents and Information produced by Defendant which are subject to this Stipulation and Order shall be clearly marked, "Confidential."

11. All Documents and Information designated by Defendant as confidential, proprietary or containing trade secrets, shall retain that designation and shall remain subject to this Stipulation until such time, if ever, as this Court

renders a decision, which becomes final, that any Documents or Information are not covered by the terms of the Stipulation.

12. The Court retains jurisdiction to enforce this Stipulation and any Order issued pursuant thereto. Any party seeking to enforce this Order or claiming a breach thereof may move at a noticed hearing for contempt or for appropriate sanctions provided in Rule 37 of the Federal Rules of Civil Procedure and by the Court's inherent power to sanction or hold a party in contempt. The Court may award attorneys fees and costs to the prevailing party on the motion pursuant to Rule 37.

**IT IS SO ORDERED**

Dated: November 30, 2009                    _____
                                            Manuel L. Real
                                            U.S. District Judge

5
[PROPOSED] ORDER GRANTING DEFENDANT PACCAR INC.'S
STIPULATION AND CONFIDENTIALITY AGREEMENT