NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

1  Anthony E. Sonnett (SBN 163182)
   asonnett@asonnettlaw.com
2  Matt F. Cohen (SBN 261275)
   mcohen@asonnettlaw.com
3  SONNETT & ASSOCIATES
   333 S. Grand Avenue, Suite 3550
4  Los Angeles, CA 90071
   Telephone: (213) 628-2200
5  Facsimile: (213) 628-2221

6  Attorneys for Defendant
   PACCAR INC.
7

8               UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORIA -WESTERN DIVISION

10

11 | MICHAEL MERZOIAN          | CASE NO. CV09-05366 R (FFMx)
12 |                           |
13 |            Plaintiff,     | **ORDER GRANTING STIPULATED**
14 |     v.                    | **CONFIDENTIALITY AGREEMENT**
15 | CATERPILLAR, INC. AND     | **AND PROTECTIVE ORDER**
16 | PACCAR, INC.              |
17 |                           |
18 |            Defendants.    |

19

20      WHEREAS, in recognition of the fact that defendant Caterpillar, Inc.
21 ("Caterpillar") now seeks and may in the future seek from defendant PACCAR
22 INC. ("PACCAR") documents and information which constitute, refer to, or
23 otherwise incorporate trade secrets, and confidential and/or proprietary research,
24 development, or commercial information (hereinafter referred to as the
25 "Documents" and/or "Information"); and
26      WHEREAS, PACCAR recognizes that certain of such Documents and
27 Information may be subject to discovery from time to time in the course of the
28 litigation of the above-captioned matter (Merzoian v. Caterpillar, Inc. and

1
[PROPOSED] ORDER GRANTING DEFENDANT PACCAR INC.'S
STIPULATION AND CONFIDENTIALITY AGREEMENT

1  PACCAR, INC., United States District Court, Central District of California,
2  Western Division; Case Number: CV09-05366 R (FFMx)) (hereinafter referred to
3  as the "Action");

4      WHEREAS, PACCAR is aware that although certain unauthorized websites
5  have divulged confidential pricing information of various automobile
6  manufacturers and that although it is possible that pricing information and
7  customer and claims procedures concerning the PACCAR line of vehicles has been
8  disseminated through these websites, at no time has PACCAR authorized the
9  release of their Confidential Documents and Information and they do not do so
10 now.

11     WHEREAS, the pricing information and customer claims procedure of
12 PACCAR is unique, confidential, and proprietary in nature, and disclosure would
13 adversely affect PACCAR's competitive abilities and business;

14     NOW THEREFORE, Caterpillar and PACCAR, by and through their
15 attorneys, stipulate and agree to the following:

16     1.     Confidential Documents and Information (hereinafter referred to as
17 "Confidential Documents" or "Confidential Documents and Information") include
18 any documents or information that relate in any manner to pricing and sale
19 information, including, but not limited to, vehicle pricing, warranty pricing, and
20 the subject warranty, as well as any customer, dealer or claims handling reports,
21 procedures, guidelines or manuals.

22     2.     All Confidential Documents produced or disclosed by PACCAR in
23 this Action, whether by volition or pursuant to discovery demand or court order,
24 shall be provided only to Caterpillar, their attorneys, their attorneys' staff and
25 office personnel, and any experts or consultants retained by them or in their
26 employ.  Each of those persons is prohibited from disseminating in any fashion,
27 manner or method the Confidential Documents and Information produced herein
28 by the PACCAR, including any summaries or abstracts thereof, outside the context

of this litigation in any manner. Each of those persons may use such Confidential Documents and Information within the context of this litigation, including at depositions and at trial per the terms of this Order.

3. No person who examines Documents or Information produced pursuant to this Stipulation and Order shall disseminate orally, in writing or by any other means, any Information derived from such Documents and Information whatsoever to any person not also authorized to examine Documents or items under the terms of this Stipulation.

4. Caterpillar shall maintain a list of all recipients of Documents or Information (including extracts, summaries or digests thereof) (hereinafter referred to as the "List"). If a controversy arises between the parties to this Stipulation in regards to the Stipulation and Order issued pursuant thereto, Caterpillar and Caterpillar's attorney shall file the List with the Court in which this Action is heard and shall cooperate and consent to any attempt to have said List sealed.

5. All Information discovered from examination of said Confidential Documents shall be used only in connection with this Action and shall not be used in connection with any other lawsuit, arbitration, claim, proceeding, or for any other purpose, whatsoever.

6. The production of Confidential Documents and Information shall not constitute a waiver of PACCAR's rights to claim Confidentiality in this Action, or that said Documents or Information are privileged or are otherwise non-discoverable, nor shall receipt thereof constitute a waiver of Caterpillar's right to contend that they are not privileged or discoverable.

7. All Confidential Documents and Information (including extracts, summaries and digests thereof), copies of such materials, and all notes arising from the examination of such materials, shall be surrendered to PACCAR for destruction at the conclusion of this Action, or shall be destroyed by Caterpillar's counsel. Caterpillar shall certify, within twenty (20) days of the conclusion of the final

proceedings of this Action, by declaration under penalty of perjury, that the requirements of this paragraph have been met.

8. PACCAR shall have the option of requiring that any or all portions of deposition transcripts that relate to the Documents and Information protected by this Stipulation shall be subject to the terms of this Order. PACCAR may seek an order regarding the use of such deposition transcripts as well as the use of any Confidential Documents or Information, including, but not limited to, seeking an order to limit their disclosure or seal the record, through a written motion to the Court. Caterpillar and his counsel agree to not oppose the hearing of such a motion on shortened time.

9. Each person examining the subject Confidential Documents and Information, including digests, summaries, extracts, and/or notes thereof, or to whom any of the contents thereof are disseminated, hereby agrees to be subject to the jurisdiction of this court for proceedings regarding contempt and any other proceedings in the event of any violation or alleged violation of this Stipulation and any Order issued pursuant thereto. No person shall be allowed to disclose, by any means whatsoever, any Confidential Documents or Information (including digests, summaries and extracts), any notes arising there from, or any description of any things produced, until the person to whom disclosure is to be made has:

    (i) read this Stipulation and Order in its entirety;

    (ii) signed a form of the Acknowledgment attached hereto as Exhibit "A" signifying agreement to its provisions and consent to the jurisdiction of the Court over his or her person, and has had his or her signature notarized.

10. Documents and Information produced by PACCAR which are subject to this Stipulation and Order shall be clearly marked, "Confidential."

11. All Documents and Information designated by PACCAR as confidential, proprietary or containing trade secrets, shall retain that designation

and shall remain subject to this Stipulation until such time, if ever, as this Court renders a decision, which becomes final, that any Documents or Information are not covered by the terms of the Stipulation.

12. The Court retains jurisdiction to enforce this Stipulation and any Order issued pursuant thereto.  Any party seeking to enforce this Order or claiming a breach thereof may move at a noticed hearing for contempt or for appropriate sanctions provided in Rule 37 of the Federal Rules of Civil Procedure and by the Court's inherent power to sanction or hold a party in contempt.  The Court may award attorneys fees and costs to the prevailing party on the motion pursuant to Rule 37.

The Protective Order shall not apply to any document disclosing a violation of law or order of a court of competent jurisdiction.

**IT IS SO ORDERED**

Dated: December 16, 2009

_____
Manuel L. Real
U.S. District Judge