UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MERZOIAN,<br><br>Plaintiff,<br><br>v.<br><br>CATERPILLAR, INC. and PACCAR, INC.,<br><br>Defendants. | CASE NO. CV-09-05366-R (FFMx)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>JUDGE: Manuel L. Real |

### STIPULATED PROTECTIVE ORDER

**IT IS HEREBY ORDERED** that the following stipulation between the parties shall take effect and be judicially enforceable:

1. Caterpillar Inc. ("Caterpillar") seeks to disclose and produce certain information, which is considered by Caterpillar to be non-public, confidential, trade secret, proprietary, and privileged information. As consideration for the agreement to disclose and produce these confidential materials, Plaintiff Michael Merzoian ("Plaintiff") and Defendant PACCAR INC. ("PACCAR"), and all other parties to this Stipulation expressly agree that no person, other than their respective counsel, shall be allowed to examine any such designated material, until such person has complied with the provisions of Paragraph 8 of this Stipulated

Case 2:09-cv-05...

Protective Order. These documents will hereinafter be referred to collectively as "confidential materials."

2. All information in whatever form obtained from examination of the confidential materials produced by Caterpillar shall be used only in conjunction with this action and shall not be used in connection with any other lawsuit or for any other purpose whatsoever.

3. Plaintiff, PACCAR, their respective counsel of record, and any experts or consultants retained by the same, or any other party to this action or their attorneys, are expressly prohibited from disseminating, in any fashion, manner, or method, copies of the confidential materials, or the contents thereof, to any other person, firm, or organization not directly associated with Plaintiff, PACCAR, or their respective counsel of record.

4. All confidential materials, or any copies of confidential materials, and all copies of this Stipulated Protective Order executed by any and all persons receiving such confidential materials, or arising from the examination of confidential materials taken by whomever and in whatever form, shall be surrendered to Caterpillar or destroyed at the conclusion of this action.

5. Within sixty (60) days of the conclusion of the final proceedings in this action, the attorneys for Plaintiff, PACCAR, and any other party receiving confidential materials under this Stipulated Protective Order shall furnish, in writing, to attorneys for Caterpillar, the name, address, place of employment, and capacity of each person who received any confidential materials or information from any confidential materials.

6. No person who examines confidential materials shall disseminate orally, in writing, or by any means any information whatsoever contained therein to any person not also authorized to examine confidential materials under the terms of this Stipulated Protective Order.

///

7. All portions of the depositions, moving papers, or any other pre-trial written materials that refer to confidential materials shall be sealed by the Court to protect such information. Confidential materials subject to this Stipulated Protective Order shall not become available for disclosure by its use at trial, and the treatment of trial transcripts, trial motions, briefs, or other such written material that refer to confidential materials shall also be governed by the terms of this Stipulated Protective Order.

8. Each person, other than counsel for Plaintiff and PACCAR who examines confidential materials, or to whom any confidential materials are disseminated, hereby agrees to be subject to the jurisdiction of this Court for contempt and any other appropriate proceedings in the event of any violation or alleged violation of this Stipulated Protective Order. No person shall be allowed to disclose, by any means whatsoever, any portion of any confidential materials, or take any notes arising therefrom, until the person to whom disclosure is to be made has:

    a. Read this Stipulated Protective Order in its entirety; and

    b. Signed a copy of this Stipulated Protective Order signifying agreement to its provisions and consent to the jurisdiction of the Court over his or her person for any proceedings involving alleged improper disclosure.

9. Any disputes concerning the application of any provision of this Stipulated Protective Order shall be heard by the Court upon written application by the aggrieved party.

10. This Stipulated Protective Order and the provisions herein are without prejudice to reconsideration by the Court upon written application of any party as discovery continues.

11. The production of confidential materials for inspection shall not constitute a waiver of Caterpillar's right to claim in this lawsuit hereinafter that the

Case 2:09-cv-05366

confidential materials, or any other information contained therein, contain confidential, proprietary or privileged information or are otherwise non-discoverable or inadmissible. An inadvertent failure by Caterpillar to designate discovery material as confidential shall not constitute or have the effect of a waiver of any claim that such material or any similar material is confidential.

12. This Stipulation and Protective Order may be executed in one or more counterparts; and when executed by each of the parties' signatories, the counterparts shall constitute a single valid Stipulation, even though each of the signatory parties may have executed separate counterparts.

**IT IS SO ORDERED.**

DATED: Jan. 4, 2009

Manuel L. Real
Judge, U.S. District Court
Central District of California

The Protective Order Shall not apply to any document disclosing a violation of law or order of a court of competent jurisdiction.

LA/944721v1

-4-

CV-09-05366-R (FFMx)